IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Mallory Dath, individually and as Personal Representative of the Estate of Edward E. Dath, Jr., <br><br> Plaintiff, <br><br> v. <br><br> The United States of America, <br><br> Defendant. | CA 5:18-570-JFA <br><br> COMPLAINT |

The Plaintiff, by and through her undersigned counsel, for a Complaint against the Defendant, does hereby allege as follows:

## JURISDICTIONAL ALLEGATIONS

1. The Plaintiff, Mallory Dath, is a citizen and resident of Barnwell County, South Carolina.

2. The Decedent, Edward E. Dath, Jr., was a citizen and resident of Allendale County, South Carolina.

3. Plaintiff brings this complaint against the United States pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq* and 28 U.S.C. § 1346(b)(1) for money damages as compensation for the injuries sustained by Mr. Dath, caused by the acts of Bobbie F. Ayers, Jr., MD and other employees, servants, and agents of the United States Government, working at the Low Country Health Care System, Inc. (Low Country), located in Orangeburg, South Carolina.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1402(b) because Mr. Dath resided in Barnwell County, South Carolina at all times relevant to this Complaint.

5.     Plaintiff has fully complied with the provisions of 28 U.S.C. § 2675 of the Federal Tort Claims act by giving formal notice in writing to the United States through the filing of a Form 95 with the Department of Health and Human Services.  The Department of Health and Human Services did not deny Plaintiff's claims and the six month statute expired on February 28, 2018.

## FACTUAL ALLEGATIONS

6.     Mr. Dath had been a patient and had been treated by Low Country and Dr. Ayers for many years.

7.     On April 28, 2016, Mr. Dath presented to Low Country and was seen by Dr. Ayers complaining of numbness in his left leg and left arm and also complaining that he has been falling.

8.     Dr. Ayers tested Mr. Dath's reflexes and was told that he had a pinched nerve and was sent home.

9.     On May 4, 2016, Decedent's daughter, Mallory Dath found Mr. Dath collapsed in the front yard and called an ambulance.

10.    Mr. Dath was rushed to Aiken Regional Medical Center.

11.    On May 4, 2016, physicians at Aiken Regional Medical Center diagnosed Mr. Dath has having suffered from a stroke and transient ischemic attack.

12.    Mr. Dath was admitted to Aiken Regional Medical Center and was discharged on May 12, 2016 to HealthSouth Rehabilitation Hospital.

13.    Mr. Dath remained at HealthSouth Rehabilitation Hospital until June 5, 2016 and was discharged home in a wheelchair.

Attached as **Exhibit 1** to this Complaint is an affidavit from a qualified expert who will testify as to one or more deviations from the standard of care.

## FIRST CAUSE OF ACTION
### (Negligence)

14. The Plaintiff re-alleges and reiterates paragraphs one (1) through thirteen (13) as though fully set forth herein verbatim and further alleges:

15. Defendants and their employees and agents did undertake the duty to render care to Mr. Dath in accordance with the prevailing and acceptable professional standard of care in the national community.

16. Notwithstanding said undertaking and while Mr. Dath was under the care of the Defendants, its employees and agents departed from the prevailing and acceptable professional standards of care and treatment of Mr. Dath and was thereby negligent, careless, grossly negligent, reckless and in violation of the duties owed to Mr. Dath, and are liable for one or more of the following acts or omission or commission, any or all of which are departures from the prevailing and acceptable professional standards of care:

   a. Failing to properly diagnosis the Plaintiff's condition;

   b. Failing to obtain a detailed history on the Plaintiff;

   c. Failing to aggressively implement a follow up plan of care for the patient; and

   d. In such other particulars as may be ascertained through discovery procedures undertaken pursuant to the South Carolina Rules of Civil Procedure.

25. As a direct and proximate result of the negligence, carelessness, gross negligence, recklessness and departure from the professional standards of care by agents and/or employees of

Defendants, Decedent suffered from severe debilitating injuries and has suffered severe and extreme emotional distress, anxiety, grief and sorrow, the likes of which no person should endure, for which Plaintiff is entitled to recover actual damages pursuant to section 15-51-10, et. seq., Code of Laws of South Carolina (1976, as amended) in an amount to be determined by a jury at the trial of this action.

WHEREFORE, Plaintiff respectfully prays for judgment against the Defendants for actual damages, special damages, consequential damages, and punitive damages in an amount to be determined by the jury at the trial of this action, for the costs and disbursements of this action and for such other and further relief as this court deems just and proper.

Respectfully submitted,

s/John G. Felder, Jr.
John G. Felder, Jr.  (Fed ID# 6441)
McGowan, Hood & Felder, LLC
1517 Hampton Street
Columbia, South Carolina 29201
Telephone: (803) 779-0100
Facsimile: (803) 256-0702
jfelder@mcgowanhood.com

Columbia, South Carolina

Dated:  February 28, 2018